30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brian K. KURCZEWSKI, Plaintiff-Appellant,
v.
CITY OF MILWAUKEE, DETECTIVE PATRICK ROSS, and Captain
Anthony Brzonkala, Defendants-Appellees.
 No. 93-2460.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 23, 1994.
Decided June 23, 1994.
 
 Before POSNER, C.J., and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Brian K. Kurczewski brought this civil rights suit pursuant to 42 U.S.C. Sec. 1983. He alleges that the defendants violated his Fourth Amendment right to freedom from unlawful searches. Ross searched a parked van in which Kurczewski was a passenger. Brzonkala, Ross's superior was on the scene and did not stop the search. The city of Milwaukee, Kurczewski claims, has a policy of authorizing such searches. All the defendants, Kurczewski claims, violated his civil rights.
 
 
 2
 At the time of the search Kurczewski was working for a private investigator. The van was parked near officer Ross's house. Officer Ross's wife was the subject of the ongoing investigation in which Kurczewski was participating.
 
 
 3
 The court dismissed the claim against the city, because of a lack of evidence of any custom or policy such as Kurczewski alleged. The claims against the other two defendants were tried to a jury.
 
 
 4
 Kurczewski maintained that Ross searched the van looking for information concerning the investigation of Ross's wife. Ross maintained that he searched the van for weapons.
 
 
 5
 Near the close of the case, the district court ruled that a search of the van for weapons was reasonable under the circumstances, following Terry v. Ohio, 392 U.S. 1 (1968), and its progeny. The district court instructed the jury that it must find for Ross if it concluded that he searched the van for weapons, and for Kurczewski if it concluded that he had searched the van for information about his wife. The jury found for the defendants, and Kurczewski appeals.
 
 
 6
 Kurczewski's appeal is predicated on incorrect instructions to the jury as to the reasonableness of the search. However, Kurczewski cannot appeal on this basis. His counsel did not object to the instructions given by the court to the jury. Therefore the issue is not preserved for appeal.
 
 The rule is explicit:
 
 7
 No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.
 
 
 8
 Fed.R.Civ.P. 51. Richardson v. Consolidated Rail Corp., 17 F.3d 213, 217-18 (7th Cir.1994); Graham v. Sauk Prairie Police Com'n, 915 F.2d 1085, 1106-7 (7th Cir.1990). The record discloses no objection. Kurczewski's brief contains no explanation or argument why this deficiency should not be fatal. At oral argument Kurczewski's counsel could offer us no reason why his failure to object at trial should not bar appeal of the issue, or any reason why Rule 51 should not apply.
 
 
 9
 The issue on appeal was not preserved, yet we are constrained to observe that the search was reasonable under the circumstances. Michigan v. Long, 463 U.S. 1032 (1983). We need belabor the matter no further.
 
 
 10
 AFFIRMED.